**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LULU LIU, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. 25-3758 (RBW) |
| MARKWAYNE MULLIN,[1] in his official capacity as Secretary of the United States Department of Homeland Security, et al., | |
| Defendants. | |

## MEMORANDUM OPINION

The plaintiffs, Li and Lulu Liu, are Chinese nationals who petitioned for immigrant-investor visas in 2016 after they each invested $500,000 pursuant to the EB-5 immigrant-investor program. See Complaint ("Compl.") ¶¶ 1,7, ECF No. 1. Their visa petitions were denied, id. ¶ 3, and they now bring this civil action against the defendants, Markwayne Mullin, the Secretary of the United States Department of Homeland Security; Joseph Edlow, the Director of the United States Citizenship and Immigration Services ("USCIS"); Alissa Emmel, Chief of the USCIS Immigrant Investor Program Office; and the USCIS itself pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 701, 702, 706, id. ¶¶ 8–12. The plaintiffs seek a declaratory judgment that the denial of their visa petitions was unlawful and an order requiring the defendants to re-open and re-adjudicate their petitions. Id. at 22. Currently pending before the Court is the defendants' motion to dismiss Plaintiff Lulu Liu's claims pursuant to Federal

[1] Markwayne Mullin, Secretary of Homeland Security, is automatically substituted for his predecessor, Kristi Noem, pursuant to Federal Rule of Civil Procedure 25(d).

Rule of Civil Procedure 12(b)(1). See Defendants' Motion to Dismiss ("Defs.' Mot.") at 1, ECF No. 9. Upon careful consideration of the parties' submissions,[2] the Court concludes that it must grant the defendants' motion to dismiss Plaintiff Lulu Liu's claims.

## I. BACKGROUND

### A. Statutory Background

Congress established the EB-5 immigrant-investor visa program in the Immigration Act of 1990. Immigration Act of 1990, Pub. L. No. 101-649, § 121, 104 Stat. 4978, 4987 (1990) (codified at 8 U.S.C. § 1153(b)(5)). "Under [the EB-5] program, investors (and their spouses and unmarried children under 21) are eligible to apply for lawful permanent residence ([to] become a Green Card holder) [in the United States]." U.S. Citizenship & Immigr. Servs., EB-5 Immigrant Investor Program, https://www.uscis.gov/working-in-the-united-states/permanent-workers/eb-5-immigrant-investor-program (last updated Mar. 1, 2023). The EB-5 visa process is administrated by the Department of State and the USCIS, with the USCIS being responsible for "assesses[ing] whether petitioners qualify for the requested visa." Delaware Valley Reg'l Ctr., LLC v. U.S. Dep't of Homeland Sec., 106 F.4th 1195, 1198 (D.C. Cir. 2024).

To qualify for an EB-5 visa, a foreign national must "invest capital in a new commercial enterprise that will benefit the United States economy and create full-time employment for ten citizens or non-citizens with work authorization." Id. at 1197 (internal quotation marks omitted); see 8 U.S.C. § 1153(b)(5)(A)–(D).[3] In 1992, Congress created the Pilot Immigration Program,

---

[2] In addition to the filings already identified, the Court considered the following submissions in rendering its decision: (1) the Plaintiffs' Opposition to Defendants' Partial Motion to Dismiss ("Pls.' Opp'n"), ECF No. 12; and (2) the Defendants' Reply in Further Support of Defendants' Motion to Dismiss ("Defs.' Reply"), ECF No. 13.

[3] In 2016, when the plaintiffs made their investments, "immigrant[s] investing in an enterprise . . . had to contribute at least $500,000 to qualify" for the EB-5 immigrant-investor visa program. Mirror Lake Vill., LLC v. Wolf, 971 F.3d 373, 374–75 (D.C. Cir. 2020); Compl. at 18. Currently, "investor applicants . . . must invest $1,050,000 to qualify

(continued . . .)

which "allows immigrant investors to satisfy the EB-5 employment-creation requirement by investing through regional centers[,] [which] . . . are USCIS-approved business entities that work in specified geographic areas to facilitate the pooling of EB-5 investments." Id. Regional centers then "direct the funds to job-creation projects." Id. "After making the qualifying investment, the foreign national must file with the USCIS a petition—titled Form I-526 Immigration Petition by Alien Investor ('I-526 petition')—to be classified as an immigrant investor." Cai v. Immigrant Inv. Program Off., No. 25-cv-1289 (RC), 2026 WL 713582, at *1 (D.D.C. Mar. 15, 2026) (citing Da Costa v. Immigr. Inv. Program Off., 80 F.4th 330, 336 (D.C. Cir. 2023)). The I-526 petition requires "[e]vidence that the capital [the petitioner] invested or [is] actively in the process of investing, as well as any funds used to pay administrative costs and fees, were obtained through lawful means." U.S. Citizenship & Immigr. Servs., Instructions for Immigrant Petition by Standalone Investor 9, https://www.uscis.gov/sites/default/files/document/forms/i-526instr.pdf (last updated Jan. 20, 2025). However, "[i]f [the petitioner] fail[s] to submit required evidence, [the] USCIS may reject or deny [the] petition for failure to submit requested evidence or supporting documents in accordance with 8 CFR 103.2(b)(1) . . .." Id. at 8.

On March 15, 2022, Congress enacted the EB-5 Reform and Integrity Act of 2022 ("RIA"), which amended several components of the EB-5 visa process, see Pub. L. No. 117-103, div. BB, 136 Stat. 49, 1070 (codified at 8 U.S.C. § 1153(b)(5)). Relevant here, Section 103 of the RIA "bars judicial review of agency determinations involving the EB-5 visa process if

(. . . continued)

for EB-5 visas generally, or $800,000 in targeted employment areas or statutorily defined infrastructure projects[.]" Delaware Valley, 106 F.4th at 1200 (citing 8 U.S.C. § 1153(b)(5)(C)).

administrative remedies have not been exhausted," Cai, 2026 WL 713582 at *2, by specifically providing that "no court shall have jurisdiction to review a determination under this paragraph until . . . the alien investor has exhausted all administrative appeals[,]" 8 U.S.C. § 1153(b)(5)(P)(ii). A petitioner may administratively appeal an adverse USCIS determination to the Administrative Appeals Office ("AAO") by submitting a Form I-290B, identified as a Notice of Appeal or Motion. U.S. Citizenship & Immigr. Servs., AAO Practice Manual § 3.7(b), https://www.uscis.gov/about-us/directorates-and-program-offices/administrative-appeals-office-aao/practice-manual/chapter-3-appeals (last updated Oct. 30, 2025). Importantly, however, the Form I-290B can be used to either file an appeal to the AAO or to file a motion to reopen or reconsider a visa application. Id. And, the petitioner "must clearly indicate if [she is] filing an appeal or a motion" by checking the appropriate box on the Form I-290B. U.S. Citizenship & Immigr. Servs., Instructions for Notice of Appeal or Motion 4, https://www.uscis.gov/sites/default/files/document/forms/i-290binstr.pdf (last updated May 31, 2024).

### B. Factual Background

Plaintiff Li Liu and her daughter, Plaintiff Lulu Liu, are "Chinese nationals, currently residing in Beijing, China."[4] Compl. ¶ 7. In September 2016, Plaintiff Lulu invested $500,000 in the New York Metropolitan Regional Center, LP II (the 'NCE'), id. ¶ 23, and in November 2016, Plaintiff Li invested $500,000 in the NCE, id. ¶ 24. The plaintiffs made these investments in the NCE, which was "provid[ing] equity capital . . . finance . . . [for] the development of the New York Wheel Project in Staten Island," id. ¶ 1, "for the purpose of making a qualifying investment under 8 U.S.C. § 203(b)(5) (commonly referred to as the EB-5 . . . program . . . )[,]"

[4] The plaintiffs refer to themselves as "Plaintiff Li" and "Plaintiff Lulu." Compl. at 9. The Court will do the same.

id. ¶ 2. Plaintiffs Li and Lulu "filed Forms I-526, Immigrant Petitions by Alien Entrepreneur, with Defendant USCIS on November 28, 2016, and September 28, 2016, respectively." Id. Eight years later, on August 28, 2024, the USCIS denied Plaintiff Li's I-526 petition, id. ¶ 3, and on September 26, 2024, the USCIS denied Plaintiff Lulu's I-526 petition, id.

Plaintiff Li filed a Form I-290B with the USCIS's AAO on September 26, 2024. Id. ¶ 3. Although not a part of the record, Plaintiff Li's Form I-290B appears to have indicated that she was appealing the USCIS' decision to the AAO, rather than moving to reopen or reconsider her application. See Compl., Exhibit ("Ex.") C (AAO Decision on Plaintiff Li), at 1–5, ECF No. 1-5 (analyzing and dismissing Plaintiff Li's "appeal"). The AAO denied Plaintiff Li's I-290B appeal on May 6, 2025, "based on an alleged failure to prove the 'path' of [the] funds [that she invested into the NCE] back to a 'lawful source[.]'" Id. ¶¶ 4, 5; see generally id. Ex. C. (AAO Decision on Plaintiff Li).

Plaintiff Lulu filed her Form I-290B with the USCIS' AAO on October 25, 2024. Id. ¶ 3. However, unlike Plaintiff Li, Plaintiff Lulu's Form I-290B appears to have been a motion to reopen or reconsider her application rather than an appeal.[5] See id. Ex. D (Ruling on Plaintiff Lulu's Motion), at 3–8, ECF No. 1-6 (analyzing and denying Plaintiff Lulu's "motion to reopen and reconsider the decision on the petition"). Plaintiff Lulu's motion to reopen and reconsider was denied because "[she] had not shown the lawful sourcing or path of her investment funds." Id. ¶ 31.

[5] Plaintiff Lulu acknowledges that she "filed her I-290B with the Immigrant Investor Program Office, not the AAO as initially alleged in the complaint." Pl.'s Opp'n at 2 n.1. The parties therefore seem to agree that Plaintiff Lulu did not file an appeal with the AAO.

### C. Procedural Background

The plaintiffs did not pursue further remedies with the USCIS and instead brought suit in this Court, see Compl. at 2, seeking "a Declaratory Judgment finding that the defendants' denials of the I-526 petitions were erroneous, unlawful, not supported by substantial evidence and arbitrary and capricious[, and also] an order reversing the denial of the petitions and requiring the defendants to reopen and adjudicate the petitions on the merits[,]" id. at 22. The plaintiffs filed their complaint on October 23, 2025. Compl. at 1. The defendants filed their motion to dismiss Plaintiff Lulu's claim pursuant to Federal Rule of Civil Procedure 12(b)(1) on January 23, 2026, arguing that she "did not file an appeal with the AAO within 30 days of the I-290B Motion to Reopen/Reconsider dismissal as instructed in the decision and thus did not exhaust all administrative appeals[,]" and therefore, this Court lacks jurisdiction pursuant to the RIA's jurisdictional bar. Defs.' Mot. at 4. Plaintiff Lulu filed her opposition to the defendants' motion to dismiss on February 6, 2026. Pls.' Opp'n at 11. The defendants submitted their reply in further support of their motion to dismiss on February 13, 2026. Defs.' Reply at 6.

The defendants have not moved to dismiss Plaintiff Li's claim. See id.

## II. STANDARD OF REVIEW

### A. Motions to Dismiss Under Rule 12(b)(1)

"Federal [district] courts are courts of limited jurisdiction[,]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994), and therefore, "[a] motion for dismissal under [Federal Rule of Civil Procedure] 12(b)(1) 'presents a threshold challenge to the [C]ourt's jurisdiction[,]'" Morrow v. United States, 723 F. Supp. 2d 71, 75 (D.D.C. 2010) (Walton, J.) (quoting Haase v. Sessions, 835 F.2d 902, 906 (D.C. Cir. 1987)). Thus, the Court is obligated to dismiss a claim if it "lack[s] . . . subject matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1). And,

because "[i]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction," Kokkonen, 511 U.S. at 377, the plaintiff bears the burden of establishing by a preponderance of the evidence that [this] court has subject matter jurisdiction, see Nurse v. Sec'y of Air Force, 231 F. Supp. 2d 323, 326 (D.D.C. 2002) (Walton, J.) (citations omitted).

In deciding a motion to dismiss based on lack of subject matter jurisdiction, the Court "need not limit itself to the allegations of the complaint." Grand Lodge of the Fraternal Ord. of Police v. Ashcroft, 185 F. Supp. 2d 9, 14 (D.D.C. 2001). Rather, the "[C]ourt may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." Scolaro v. D.C. Bd. of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also Jerome Stevens Pharms., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253 (D.C. Cir. 2005). Additionally, the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting [the] plaintiff the benefit of all inferences that can be derived from the facts alleged[.]'" Am. Nat'l Ins. Co. v. Fed. Deposit Ins. Corp., 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970, 972 (D.C. Cir. 2005)).

However, "the [p]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Grand Lodge, 185 F. Supp. 2d at 13–14 (alterations in original) (citation and internal quotation marks omitted). And the Court "need not accept bare legal conclusions nor unsupported inferences." Campaign Legal Ctr. v. Fed. Election Comm'n, No. 22-cv-3319 (CRC), 2024 WL 4263853, at *5 (D.D.C. Sept. 23, 2024) (citing Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002)).

## III. ANALYSIS

The defendants move to dismiss Plaintiff Lulu's claim pursuant to Federal Rule of Civil Procedure 12(b)(1). Defs.' Mot. at 1. The defendants argue that the RIA "strip[s] federal courts of jurisdiction over EB-5 determinations until all administrative appeals have been exhausted[,]" and that the Court therefore does not have jurisdiction over Plaintiff Lulu's claim because she "failed to appeal the [I-290B denial] to the AAO, which must hear appeals on EB-5 determinations." Id. at 2 (citing 8 U.S.C. § 1153(b)(5)(P)(i)–(ii)). Plaintiff Lulu responds that her claim should not be dismissed because (1) the applicable USCIS regulations do not require exhaustion; (2) the 2022 RIA exhaustion requirements cannot be retroactively applied to her 2016 petition; and (3) even if the exhaustion requirement applies to her claim, an AAO appeal would have been futile. See Pls.' Opp'n at 3–11. The Court will address each of Plaintiff Lulu's arguments in turn, ultimately determining that, for the following reasons, it lacks subject matter jurisdiction to grant Plaintiff Lulu her requested relief.

### A. Whether Plaintiff Lulu Was Required to Exhaust Her Administrative Remedies

Plaintiff Lulu argues that the USCIS regulations "plainly specify that an appeal to the AAO is available, but not mandatory." Pls.' Opp'n at 4. According to Plaintiff Lulu, the Court should therefore "apply the default rule" purportedly established in Darby v. Cisneros, that "an administrative appeal is not required for purposes of APA exhaustion[.]" Id. (citing 509 U.S. 137, 146 (1993)). In Darby, the Supreme Court considered "whether federal courts have the authority to require that a plaintiff exhaust available administrative remedies before seeking judicial review under the Administrative Procedure Act . . . where neither the statute nor agency rules specifically mandate exhaustion as a prerequisite to judicial review." 509 U.S. at 138. The Supreme Court held that "where the APA applies, an appeal to [a] 'superior agency authority' is

a prerequisite to judicial review only when expressly required by statute or when an agency rule requires [that an] appeal [be taken] before review and the administrative action is made inoperative pending that review." Id. at 154 (emphasis omitted).

Here, the RIA, which the parties agree governs EB-5 visa adjudications, expressly requires an appeal be taken to a superior agency authority, the AAO. See 8 U.S.C. § 1153(b)(5)(P)(ii) ("[N]o court shall have jurisdiction to review a determination under this paragraph until . . . the alien investor has exhausted all administrative appeals."). Therefore, "the plain text of the jurisdictional bar resolves this dispute in [the d]efendant's favor." Cai, 2026 WL 713582 at *3. Plaintiff Lulu, however, seeks to have this Court ignore this express statutory exhaustion requirement and instead focus on the USCIS' regulations, which she alleges "specify that an appeal to the AAO is available, but not mandatory." Pls.' Opp'n at 4. But, to the extent that there is any conflict between the USCIS' regulations and the RIA, the regulations must yield to the statute. See Chrysler Corp. v. Brown, 441 U.S. 281, 303 (1979) (determining that agency regulations must "conform with any procedural requirements imposed by Congress," because "agency discretion is limited . . . by substantive, statutory grants of authority"). The RIA controls EB-5 visa determinations and therefore necessarily supersedes any agency rule or regulation "out of harmony with the statute." Manhattan Gen. Equip. Co. v. Comm'r of Internal Revenue, 297 U.S. 129, 134 (1936). Because the RIA imposes an exhaustion requirement, Plaintiff Lulu was required to exhaust her administrative remedies before filing this lawsuit.

**B. Whether Applying the Exhaustion Provision Violates Anti-Retroactivity Principles**

Plaintiff Lulu, who initially filed her I-526 petition in 2016, Compl. ¶ 2, argues that requiring her to exhaust her administrative remedies based on the 2022 RIA would violate "anti-retroactivity principles" that are "deeply rooted in Supreme Court jurisprudence[,]" Pls.' Opp'n

at 6–7 (original modifications omitted). She argues that "the RIA itself nowhere states that its new exhaustion requirement extends to EB-5 petitions filed prior to the RIA['s enactment.]" Id. at 6 (emphasis in original). The defendants disagree, arguing that "a plain language reading of the statute is that the [exhaustion] provision applies to post-RIA determinations, rather than post-RIA filings[,]" and applying the exhaustion bar "does not run counter to the long-standing presumption against retroactivity" because it only "limits the jurisdiction over post-enactment failures to exhaust[.]" Defs.' Reply at 3–4.

The defendant is correct that the plain language of the RIA explicitly refers to judicial review of USCIS determinations. 8 U.S.C. § 1153(b)(5)(P)(ii) ("[N]o court shall have jurisdiction to review a determination under this paragraph until . . . the alien investor has exhausted all administrative appeals.") (emphasis added). And, other courts have also concluded that the operative date is the determination date, not the filing petition date. See Liu v. Mullin, No. 25-cv-2855 (JMC), 2026 WL 2185177, at *3 (D.D.C. July 29, 2026) ("The key date, then, is the date of the agency's 'determination,' not the date the investor filed the petition."); Maharaj v. Edlow, No. 25-cv-509 (JDB), 2026 WL 1362433, at *3 (D.D.C. May 15, 2026) ("[T]he relevant date for measuring the prospective effect of the exhaustion provision is the agency determination date—not the petition filing date, at which point no determination exists for the exhaustion provision to retroactively impact."); see also Cai, 2026 WL 713582 at *3 ("The Court agrees with Defendants that application of the RIA's jurisdictional bar here would not be impermissibly retroactive."). Applying the RIA to Plaintiff Lulu's claim therefore does not constitute retroactive application because the USCIS determination on Plaintiff Lulu's Form I-290B occurred on December 11, 2024—approximately two years and seven months after the statute was enacted.

Even if the exhaustion provision has some retroactive effect, it does not violate principles of retroactivity established in Landgraf v. USI Film Products. See 511 U.S. 244, 274 (1994). Plaintiff Lulu is correct that "the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic[,]" id. at 265, and "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result[,]" Moore v. Agency for Int'l Dev., 994 F.2d 874, 878 (D.C. Cir. 1993). When determining if a statute has a retroactive effect, courts must consider "whether it would impair rights a party possessed when [she] acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed . . . ." Landgraf, 511 U.S. at 280.

The RIA neither "impair[ed] rights [Plaintiff Lulu] possessed when [she] acted[,]" nor "impose[d] new duties with respect to transactions already completed." Id. "APA claims to judicial review of agency action do not accrue until a plaintiff obtains a final agency determination for the court to examine." Maharaj, 2026 WL 1362433, at *2 (citing Corner Post, Inc. v. Bd. of Governors of Fed. Rsrv. Sys., 603 U.S. 799, 804 (2024); Hardin v. Jackson, 625 F.3d 739, 743 (D.C. Cir. 2010)). Here, Plaintiff Lulu did not receive a final agency determination until January 13, 2025, when the window to appeal the I-290B denial (issued on December 11, 2024) lapsed due to her failure to appeal the AAO's decision. Defs.' Mot. at 2. Thus, the exhaustion requirement could not have impaired her right to judicial review because that right had yet to exist. And, when the exhaustion requirement took effect, Plaintiff Lulu had not yet sought judicial review of the USCIS' determination, so the exhaustion requirement "did not create a new obligation in respect to transactions or considerations already past." Maharaj, 2026 WL 1362433, at *2 (internal quotation omitted). Applying the RIA exhaustion

requirement, therefore, does not retroactively impair Plaintiff Lulu's rights or impose new duties upon completed transactions.

Additionally, the mandated exhaustion would not "increase [Plaintiff Lulu's] liability for past conduct[.]" Landgraf, 511 U.S. at 280. Before the RIA took effect, Plaintiff Lulu's only conduct was filing the original I-526 petition and the monetary investment. See Compl. at 9–11. Every other action in this matter occurred after the RIA was enacted, including Plaintiff Lulu's failure to exhaust administrative remedies. See id.; Defs.' Mot. at 2. As previously noted, over two years elapsed between the RIA's enactment and the I-290B denial, during which Plaintiff Lulu "could have known what the law was and conformed [her] conduct accordingly." Cai, 2026 WL 713582, at *4. Instead of bringing this lawsuit, Plaintiff Lulu "could have appealed [the USCIS's] unfavorable determinations to the AAO," id., as the USCIS itself noted in its denial of her I-290B motion, see Ruling on Plaintiff Lulu's Motion at 1. Under these circumstances, there is no barrier to applying the RIA's jurisdictional bar to the plaintiff's post-enactment conduct because the statute imposed procedural rules for future conduct, not liability for past conduct.

**C. Whether Plaintiff Lulu Is Exempt from RIA's Exhaustion Requirement Because Her Appeal Would Have Been Futile**

Plaintiff Lulu also argues that appealing the denial of her petition would have been futile because "AAO reversal rates on these 'source of funds' issues are quite low." Pls.' Opp'n at 9. The defendants argue in response that Plaintiff Lulu's "conclusory claim of futility does not salvage this jurisdictionally barred case" because courts cannot read futility exceptions into statutory requirements. Defs.' Reply at 3–4.

"[M]andatory exhaustion statutes [like the RIA] . . . foreclose[] judicial discretion to excuse the failure to exhaust, even under standard administrative-law exceptions such as futility[.]" Fleming v. U.S. Dep't of Agric., 987 F.3d 1093, 1098 (D.C. Cir. 2021) (internal quotation marks and citations omitted). And, courts "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001); see also Cai, 2026 WL 713582, at *5 ("[While] courts may recognize a 'futility exception' to judge-made exhaustion doctrines, the Supreme Court has instructed that courts 'may not excuse a failure to exhaust' when confronted with a statutory exhaustion requirement.") (quoting Ross v. Blake, 578 U.S. 632, 639 (2016)).

The RIA limits courts' jurisdiction to review an EB-5 determination "until . . . the alien investor has exhausted all administrative appeals[,]" 8 U.S.C. § 1153(b)(5)(P)(ii), and Plaintiff Lulu did not do so. The Court therefore cannot "read [a] futility exception[] into statutory exhaustion requirements where Congress has provided otherwise." Booth, 532 U.S. at 741 n.6.

## IV. CONCLUSION

For the foregoing reasons, the Court must grant the defendants' motion to dismiss Plaintiff Lulu's claims.

**SO ORDERED** this 10th day of August, 2026.[6]

REGGIE B. WALTON
United States District Judge

[6] The Court will contemporaneously issue an Order consistent with this Memorandum Opinion.